IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMES KIRBY BURKS, JR. ) | No. 1:93cr460 |

RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION FOR MODIFICATION OF SENTENCE

The United States opposes defendant's motion for modification of his sentence pursuant to Title 18, United States Code Section 3582(c)(2) and U.S.S.G. § 1B1.10. Because the Court found the defendant to be responsible for far more than 4.5 kilograms or more of crack cocaine, his guideline range is unaffected by Amendments 706 and 715, making him ineligible for relief under 18 U.S.C. § 3582(c)(2). Moreover, this Court found defendant's offense level to be 48; as a result, even if his guideline level were reduced by application of the recent amendments, his adjusted guideline range would still require the imposition of the same sentence to life in prison that he received originally.

Procedural Background

On December 21, 1993, a grand jury sitting in the Eastern District of Virginia returned a two-count indictment against defendant James K. Burks, Jr. Burks was charged with conspiracy to distribute over 50 grams of crack cocaine in violation of 21 U.S.C. § 846 and with engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848.

Following a jury trial in the United States District Court in Alexandria, Virginia (Claude M. Hilton, J.), on March 9, 1994, Burks was convicted of both counts against him. At the

sentencing hearing on June 3, 1994, the Court accepted the recommendations of the probation office, which concluded that Burks's guideline range was mandatory life in prison because his offense level was 48. The offense level was calculated upon the base offense level of 42 for more than 15 kilograms of crack cocaine,[1] enhanced by two levels for the use of firearms, and four levels for his role in the offense. Accordingly, the Court sentenced Burks to life in prison on the drug charge and on the CCE. Burks appealed.

On appeal, the CCE charge was affirmed and, accordingly, the case was remanded for dismissal of the conviction on the conspiracy charge. *United States v. Burks*, 85 F.3d 617 (4th Cir. 1996) (Table).

## Factual Background

From 1990 to 1993, Burks purchased hundreds of kilograms of cocaine from Albert Martinez and later, Kevin Backstrom. After cooking the cocaine into crack, Burks sold it, primarily to Anthony Cotton and Todd Foster. In his crack cocaine enterprise, Burks led associates including Maurice Hall, Ronald Hall, Derrick Pollard, David Liverpool, Eugene Spriggs, Nathan King, Keith Parham, Gary Willingham, and Howard Wright. Martinez, Backstrom, Cotton, and Hall all testified against Burks at trial.[2]

---

[1] The Pre-Sentence Report concluded that Burks was responsible for the distribution of more than 50 kilograms of crack cocaine. *See* Paragraph 87 of the Pre-Sentence Report. At the time, the Drug Quantity Table in § 2D1.1(c) of the Sentencing Guidelines provided for a base offense level of 42 for more than 15 kilograms of crack cocaine. By Amendment 505, effective November 1, 1994, the Drug Quantity Table was capped for crack cocaine at level 38 for more than 1.5 kilos of crack cocaine.

[2] Martinez pled guilty to CCE charges in two separate districts. Cotton was sentenced to life in prison. Backstrom was sentenced to terms of 14 years on federal charges and ten years on state charges. After pleading not guilty, Foster was convicted of conspiring with Cotton, Backstrom, and Burks to distribute crack cocaine and was sentenced to life in prison. *United*

About once a week from 1990 to November 1991, Martinez sold Burks between two and four kilograms of powder cocaine for about $21,000 per kilogram. After Martinez was arrested in November 1991, Burks obtained his cocaine from Backstrom. From November 1991 to February 1992, Backstrom flew from Los Angeles to Washington, D.C. about twice a week to deliver between five and seven kilograms of cocaine each trip to Burks for about $17,500 a kilogram. After February 1992, Backstrom had from five to seven kilograms of cocaine delivered to Burks about twice a week and Burks regularly flew to Los Angeles to deliver payment to Backstrom.

From 1990 to early 1993, Cotton and Foster purchased their cocaine from Burks. By early 1992, Burks fronted them a kilogram of crack cocaine twice weekly for about $32,000 per kilogram. After April 1992, Cotton and Foster sold two kilograms of crack cocaine on consignment for Burks two to three times a week for about $20,500 per kilogram. On December 31, 1992, Cotton and Foster picked up on consignment and then paid Burks for five kilograms of crack cocaine.

Argument

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may be reduced *only* when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute provides, "The court may not modify a term of imprisonment once it has been imposed except . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). . . ." 18 U.S.C.

---

*States v. Foster*, 46 F.3d 1127, 1995 WL 32613 (4th Cir. Jan. 30, 1995) (unpublished).

3

§ 3582(c) (emphasis added).   The plain language of § 3582(c) imposes the requirement that a retroactive amendment lower a defendant's "sentencing range" before relief is authorized.

In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).  In this case, the applicable guideline range for Burks is not changed by application of the relevant amendments, so a reduction in his term of imprisonment is not authorized.

At sentencing, this Court found that the defendant's adjusted offense level was 48 for his distribution of more than *50* kilograms of crack.  Amendment 706 increased the quantity of crack necessary to receive a base offense level of 38 from more than 1.5 kilograms to more than 4.5 kilograms.  As noted in Paragraph 87 of the Pre-Sentence Report, however, Burks was responsible for distributing more than *50* kilograms of crack cocaine.[3]  Accordingly, for the distribution of more than 50 kilograms of crack, the applicable base offense level for Burks even after application of the retroactive amendment is 38.

---

[3] As the Fourth Circuit noted, "Burks distributed hundreds of kilograms of cocaine ." *Burks,*  85 F.3d  617 *1.

4

Burks's base offense level was enhanced by two levels for use of a firearm, and by four levels for his role in the offense. Accordingly, even with a base offense level of 38 - - as provided by the new amendments - - his *total* offense level is still 44. The guideline range for Offense Level 44 is the same as it was for his original total offense level of 48: life in prison. As a result, the amendment to the crack cocaine guidelines can have no effect on Burks's sentence.

Where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (affirming denial of a motion for a sentence reduction because, while a retroactive amendment reduced the defendant's offense level, the new level still required the same sentence of life imprisonment that was imposed originally). *See also United States v. Wanton*, 525 F.3d 621, 622 (8th Cir. 2008) (*per curiam*).

In *United States v. Phillips*, 2006 WL 4748127 (E.D. Va. September 11, 2006), *aff'd*, 223 Fed.Appx. 249 (4th Cir. 2007), Judge Morgan rejected a claim virtually identical to that posed by Burks today. In *Phillips*, the defendant claimed that he was entitled to a lower sentence by Amendment 505 of the Sentencing Guidelines. While that amendment, effective November 1, 1994, was retroactive, it had no effect on the defendant's sentence because his post-amendment guideline range remained life. Judge Morgan wrote:

> Pursuant to amendment 505 of the United States Sentencing Guidelines and considering the factors set forth in 18 U.S.C. § 3553, the Court exercises its discretion to lower Defendant's base offense level based on drug quantities from 42 to 38. This changes Defendant's final offense level from 47 to 43. See U.S. S.G.App. C amend. 505. This does not, however, entitle him to a reduction of sentence, because the sentence is the same as that which he is currently serving: life. Guidelines Manual Ch. 5, Part A. Thus, while the base offense level is reduced to 43, Defendant's sentence is unaffected by Amendment 505 .

*Id.* \*2.  Like Phillips, Burks's base offense level should be lowered from 42 to 38, but - - again, like Phillips - - this does not entitle him to a sentence reduction because the revised guideline sentence is the same as that which he is currently serving: life.

Ultimately, neither Amendment 505 nor Amendment 706 and 715 have any effect on Burks's sentence.  In light of these authorities and the facts of this case, Burks's motion must be denied, because the guideline amendments do not have the effect of lowering his guidelines range.

        Respectfully Submitted,

        Dana Boente
        United States Attorney

By:        /s/
        Gordon D. Kromberg
        Virginia Bar No. 33676
        Assistant United States Attorney
        Attorney for the United States
        2100 Jamieson Avenue
        Alexandria, VA  22314
        (703) 299-3700
        (703) 837.8242 (fax)
        gordon.kromberg@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the Government's Response To Defendant's Motion For Modification of Sentence was delivered via first-class mail, postage prepaid, this 6 th day of February 2009, to:

>James Kirby Burks, Jr.
>No. 19679-083
>F.C.C. Coleman - - U.S.P. 1
>P.O. Box 1033
>Coleman, Florida 33521


>Shane Neff                    (by email only)
>United States Probation Officer
>United States District Court
>401 Courthouse Square
>Alexandria, Virginia 22314


>_____/s_____
>Gordon D. Kromberg
>Virginia Bar No. 33676
>Assistant United States Attorney
>Attorney for the United States
>2100 Jamieson Avenue
>Alexandria, VA  22314
>(703) 299-3700
>(703) 837.8242 (fax)
>gordon.kromberg@usdoj.gov