IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
JAN 27 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| V. ) | Criminal No. 1:93CR460 |
| ) | |
| JAMES KIRBY BURKS, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This case is before the Court on Defendant's Motion For Modification Of His Sentence pursuant to Title 18, United States Code Section 3582(c)(2) and U.S.S.G § 1B1.10.

On December 21, 1993, a grand jury sitting in the Eastern District of Virginia returned a two-count Indictment against Defendant James K. Burks, Jr. Burks was charged with conspiracy to distribute over 50 grams of crack cocaine in violation of 21 U.S.C. § 846 and with engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848.

Following a jury trial in the United States District Court in Alexandria, Virginia on March 9, 1994, Burks was convicted of both counts against him. At the sentencing hearing on June 3, 1994, the Court accepted the recommendations of the probation office, which concluded that Burk's guideline range was

mandatory life in prison because his offense level was 48. The offense level was calculated upon the base offense level of 42 for more than 15 kilograms of crack cocaine, enhanced by two levels for the use of firearms, and four levels for his role in the offense. Accordingly, the Court sentenced Burks to life in prison on the drug charge and on the CCE. Burks appealed.

On appeal, the CCE charge was affirmed and, accordingly, the case was remanded for dismissal of the conviction on the conspiracy charge. United States v. Burks, 85 F.3d 617 (4th Cir. 1996).

From 1990 to 1993, Burks purchased hundreds of kilograms of cocaine from Albert Martinez and later, Kevin Backstrom. After cooking the cocaine into crack, Burks sold it, primarily to Anthony Cotton and Todd Foster. In his crack cocaine enterprise, Burks led associates including Maurice Hall, Ronald Hall, Derrick Pollard, David Liverpool, Eugene Spriggs, Nathan King, Keith Parham, Gary Willingham, and Howard Wright. Martinez, Backstrom, Cotton, and Hall all testified against Burks at trial.

About once a week from 1990 to November 1991, Martinez sold Burks between two and four kilograms of powder cocaine for about $21,000 per kilogram. After Martinez was arrested in November 1991, Burks obtained his cocaine from Backstrom. From November 1991 to February 1992, Backstrom flew from Los Angeles to

2

Washington, D.C. about twice a week to deliver between five and seven kilograms of cocaine each trip to Burks for about $17,500 a kilogram. After February 1992, Backstrom had from five to seven kilograms of cocaine delivered to Burks about twice a week and Burks regularly flew to Los Angeles to deliver payment to Backstrom.

From 1990 to early 1993, Cotton and Foster purchased their cocaine from Burks. By early 1992, Burks fronted them a kilogram of crack cocaine twice weekly for about $32,000 per kilogram. After April 1992, Cotton and Foster sold two kilograms of crack cocaine on consignment for Burks two to three times a week for about $20,500 per kilogram. On December 31, 1992, Cotton and Foster picked up on consignment and then paid Burks for five kilograms of crack cocaine.

Pursuant to 18 U.S.C. § 3582(c)(2), a Defendant's sentence may be reduced only when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute provides, "The court may not modify a term of imprisonment once it has been imposed except . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ." 18 U.S.C. § 3582(c). The plain language of § 3582(c) imposes the

3

requirement that a retroactive amendment lower a defendant's "sentencing range" before relief is authorized.

In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) provides that a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). In this case, the applicable guideline range for Burks is not changed by application of the relevant amendments, so a reduction in his term of imprisonment is not authorized.

At sentencing, this Court found that the Defendant's adjusted offense level was 48 for his distribution of more than 50 kilograms of crack. Amendment 706 increased the quantity of crack necessary to receive a base offense level of 38 from more than 1.5 kilograms to more than 4.5 kilograms. As noted in Paragraph 87 of the Pre-Sentence Report, however, Burks was

responsible for distributing more than 50 kilograms of crack cocaine. Accordingly, for the distribution of more than 50 kilograms of crack, the applicable base offense level for Burks even after application of the retroactive amendment is 38.

Burk's base offense level was enhanced by two levels for use of a firearm, and by four levels for his role in the offense. Accordingly, even with a base offense level of 38, his total offense level is still 44. The guideline range for offense level 44 is the same as it was for his original total offense level of 48, which was life in prison. As a result, the amendment to the crack cocaine guidelines can have no effect on Burk's sentence.

Where, as in the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. United States v. Gonzales-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (affirming denial of a motion for sentence reduction because, while a retroactive amendment reduced the defendant's offense level, the new level still required the same sentence of life imprisonment that was imposed originally). See also United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (per curiam). United States v. Phillips, 2006 WL 4748127 (E.D. Va. September 11, 2006), aff'd, 223 Fed. Appx. 249 (4th Cir. 2007).

Neither Amendment 505 nor Amendment 706 and 715 have any effect on Burk's sentence. In light of these authorities and the facts of this case, Burk's Motion must be denied, because the guideline amendments do not have the effect of lowering his guideline range.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
January 27, 2012