IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:93cr460 |
| v. | ) | |
| | ) | Honorable Claude M. Hilton |
| JAMES KIRBY BURKS, JR. | ) | |

RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION FOR MODIFICATION OF SENTENCE

The United States files this response to the defendant's motion for modification of his sentence pursuant to Title 18, United States Code, Section 3582(c)(2) and U.S.S.G. § 1B1.10. After reviewing the defendant's motion and the underlying case file, the United States would be willing to endorse a reduction in the defendant's sentence to one of less than life imprisonment, specifically 360 months, were such a reduction permissible under the law. Having consulted with counsel for the defendant and having considered whether any lawful mechanism exists to reduce the defendant's sentence, however, the United States has determined that no authority exists for the United States to support or for the Court to order a reduction in the defendant's sentence. Accordingly, the United States must oppose the defendant's motion.

**Procedural Background**

On December 21, 1993, a grand jury sitting in the Eastern District of Virginia returned a two-count indictment against defendant James K. Burks, Jr. Burks was charged with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, and to distribute 50 grams

1

or more of crack cocaine in violation of 21 U.S.C. § 846, and 3) engaging in a Continuing

Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848.[1]

    Following a jury trial in the United States District Court in Alexandria, Virginia (Claude M. Hilton, J.), on March 9, 1994, Burks was convicted on both counts against him. At the sentencing hearing on June 3, 1994, the Court accepted the recommendations of the probation office, which concluded that Burks's guideline range was mandatory life in prison because his offense level was 48. (*See* PSI, Worksheet D, ¶6). The offense level was calculated upon the base offense level of 42 for more than 15 kilograms of crack cocaine, enhanced by two levels for the use of firearms, and four levels for his role in the offense. Accordingly, the Court sentenced Burks to life in prison on Count One (the drug charge) and a concurrent sentence of life imprisonment on Count Two (the CCE charge). Burks appealed.

    On appeal, the CCE charge was affirmed and, accordingly, the case was remanded for dismissal of the conviction on the conspiracy charge only. *United States v. Burks*, 85 F.3d 617 (4th Cir. 1996) (Table). On April 14, 1997, Burks filed a § 2255 motion and a motion for reduction of sentence pursuant to § 3582(c)(2) under U.S.S.C. Guideline Amendments 706 and 715. Dkt. #73. On August 28, 1997, the Court issued an order denying petitioner's motion to vacate, set aside or correct sentence, pursuant to § 2255. Dkt. #81. Bruks then filed for a Certificate of Appealability to the Fourth Circuit Court of Appeals on September 5,1997 (Dkt. #82), which was denied on March 24, 1998. Dkt. #86.

    On May 31, 2001, Burks filed in the Fourth Circuit Court of Appeals, pursuant to Title 28 U.S.C. § 2244, requesting permission to file a second or successive § 2255 petition pursuant to the Supreme Court's ruling in *Apprendi vs. New Jersey*, 530 U.S. 466 (2007). On June 19, 2001, that

---

[1] The PSI states: "Notes: In excess of over 50 <u>kilograms</u> of cocaine base." (PSI, Worksheet A, ¶1) (emphasis added).

2

motion was denied. Dkt. #87. On November 29, 2005, Burks applied to the Fourth Circuit Court of Appeals pursuant to a § 2244 motion relying on the decision in *Booker*, requesting permission to file a second successive § 2255 motion, that motion was denied on December 19, 2005. Dkt. #88.

On February 2, 2009, Burks filed a second § 3582(c)(2) motion under Amendments 706 and 715 (crack/cocaine ratio) (Dkt. #89), that motion was denied. Dkt. #95. On March 29, 2012, Burks filed a petition for a writ of mandamus. Dkt. #97. That petition was denied on the same date. Dkt. #97. On December 18, 2015, per the direction of the Fourth Circuit, the Court issued an order dismissing Count One of the indictment. Dkt. #100. On January 11, 2016, the Court amended judgment dismissing Count One (conspiracy count) and sentenced the defendant to life imprisonment and five years of supervised release on Count Two (CCE count). Dkt. 101.

On June 8, 2016, Burks filed his third motion pursuant to § 3582(c)(2), this time relying on Amendment 782 of the Guidelines. Dkt. #105. On September 2, 2016, the Court appointed the Federal Public Defender to represent Burks. Dkt. #109.[2] On May 18, 2017, Burks filed a motion for an order to show cause. Dkt. 113. On June 19, 2017, the Court issued an order requiring the United States to file an answer to Burks' third § 3582(c)(2) motion (Dkt.#105). Dkt. #115. The following is the Government's response, per the Court's Order of June 19, 2017, in opposition to Bruks' motion based an Amendment 782.

## Factual ackground

From 1990 to 1993, Burks purchased hundreds of kilograms of cocaine from Albert Martinez and later, Kevin Backstrom. After cooking the cocaine into crack, Burks sold it, primarily to Anthony Cotton and Todd Foster. In his crack cocaine enterprise, Burks led associates including Maurice Hall, Ronald Hall, Derrick Pollard, David Liverpool, Eugene Spriggs, Nathan King, Keith Parham, Gary Willingham, and Howard Wright. Martinez, Backstrom, Cotton, and Hall all testified against Burks at trial.[3]

---

[2] The Federal Public Defender filed no motion on behalf of Burks, which is their practice when they believe there is no legal basis for doing so.

[3] Martinez pled guilty to CCE charges in two separate districts. Cotton was sentenced to

3

About once a week from 1990 to November 1991, Martinez sold Burks between two and four kilograms of powder cocaine for about $21,000 per kilogram. After Martinez was arrested in November 1991, Burks obtained his cocaine from Backstrom. From November 1991 to February 1992, Backstrom flew from Los Angeles to Washington, D.C. about twice a week to deliver between five and seven kilograms of cocaine each trip to Burks for about $17,500 a kilogram. After February 1992, Backstrom had from five to seven kilograms of cocaine delivered to Burks about twice a week and Burks regularly flew to Los Angeles to deliver payment to Backstrom.

From 1990 to early 1993, Cotton and Foster purchased their cocaine from Burks. By early 1992, Burks fronted them a kilogram of crack cocaine twice weekly for about $32,000 per kilogram. After April 1992, Cotton and Foster sold two kilograms of crack cocaine on consignment for Burks two to three times a week for about $20,500 per kilogram. On December 31, 1992, Cotton and Foster picked up on consignment, and then paid Burks for five kilograms of crack cocaine.

## **Argument**

### **A. Standard of Review**

Generally, a sentence is final. *United States* v. *Peters,* 843 F.3d 572, 574 (4th Cir. 2016), *cert. granted,* (U.S. March 15, 2017) (No. 16-8336). However, under 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced to give the defendant "the benefit of later enacted adjustments to the judgments reflected in the [U.S.S.G.'s] Guidelines." *Dillon* v. *United States,* 560 U.S. 817, 828 (2010). The Supreme Court has clarified that

---

life in prison. Backstrom was sentenced to terms of 14 years on federal charges and ten years on state charges. After pleading not guilty, Foster was convicted of conspiring with Cotton, Backstrom, and Burks to distribute crack cocaine and was sentenced to life in prison. *United States v. Foster*, 46 F.3d 1127, 1995 WL 32613 (4th Cir. . 30. 1995) (unpublished).

4

§ 3582(c)(2), permitting "[o]nly a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id* at 826. Further, the Fourth Circuit has held that § 3582(c)(2) does not allow "a do-over of an original sentencing proceeding, where a defendant is cloaked in rights mandated by statutory law and the Constitution." *United States* v. *Legree,* 205 F.3d 724, 730 (4th Cir. 2000) (quoting *United States* v. *Tidwell,* 178 F.3d 946, 949 (7th Cir. 1999)).

The Court conducts a "two-step inquiry" to determine whether to reduce a defendant's sentence under § 3582(c)(2). *Dillon,* 560 U.S. 817 at 826; *United States* v. *Williams,* 808 F.3d 253, 257 (4th Cir. 2015). The Court must first determine if the defendant is eligible. *Peters,* 843 F.3d 572 at 574. A reduction under § 3582(c)(2) is permissible "only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission;' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). At step two, the Court considers applicable 18 U.S.C. § 3553(a) factors and may grant the authorized sentenced reduction. *Id.* (quoting 18 U.S.C. § 3582(c)(2)); *see also* 18 U.S.C. § 3553(a). "Whether to reduce a sentence and to what extent is a matter within the district court's discretion." *United States v. Smalls,* 720 F.3d 193, 195 (4th Cir. 2013) (quoting *Legree,* 205 F.3d 724, 727 (4th Cir. 2000)).

Additionally, any sentence reduction in the defendant's term of imprisonment must be consistent with the policy statement in the U.S. Sentencing Commission Guidelines Manual. *Peters,* 843 F.3d 572 at 574; U.S.S.G. § 181.10(a)(l). Courts "shall substitute ... the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced, and shall leave all other guideline application decisions unaffected."

Case 1:96-cr-00460-CMH Document 119 Filed 08/03/17 Page 5 of 11 PageID# 239

*Id.* § 1B1.10(b)(1) Guideline § 1B1.10 also serves a "gatekeeping" capacity by specifying which amended Guidelines apply retroactively. *Id.* § 1Bl.10(a)(2)(A), (d).

In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added). In this case, the applicable guideline range for Burks is not changed by application of the relevant amendments, so a reduction in his term of imprisonment is not authorized.

Where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (affirming denial of a motion for a sentence reduction because, while a retroactive amendment reduced the defendant's offense level, the new level still required the same sentence of life imprisonment that was imposed originally). *See also United States v. Wanton*, 525 F.3d 621, 622 (8th Cir. 2008) (*per curiam*).

In *United States v. Phillips*, 2006 WL 4748127 (E.D. Va. September 11, 2006), *aff'd*, 223 Fed. Appx. 249 (4th Cir. 2007), Judge Morgan rejected a claim virtually identical to that posed by Burks today. In *Phillips*, the defendant claimed that he was entitled to a lower sentence by Amendment 505 of the Sentencing Guidelines. While that amendment, effective November 1, 1994, was retroactive, it had no effect on the defendant's sentence because his post-amendment guideline range remained life. Judge Morgan wrote:

6

and considering the factors set forth in 18 U.S.C. § 3553, the Court exercises its discretion to lower Defendant's base offense level based on drug quantities from 42 to 38. This changes Defendant's final offense level from 47 to 43. See U.S.S.G. App. C amend. 505. This does not, however, entitle him to a reduction of sentence, because the sentence is the same as that which he is currently serving: life. Guidelines Manual Ch. 5, Part A. Thus, while the base offense level is reduced to 43, Defendant's sentence is unaffected by Amendment 505 .

*Id.* \*2. Like Phillips, Burks's base offense level is 38, but - - again, like Phillips - - this does not entitle him to a sentence reduction because the revised guideline sentence is the same as that which he is currently serving: life.

### B. Analysis

Effective as of November 1, 2014, Amendment 782 to the Sentencing Guidelines reduced the base offense levels in the Advisory Guidelines by 2 levels for certain drug offenses. U.S.S.G., SUPPLEMENT TO APPENDIX C (2016). Before Amendment 782 was instituted, the Drug Quantity Table assigned a base offense level of 38 to defendants in cases involving 8.4 kilograms or more of crack cocaine. *Id* § 2D1.1. After Amendment 782 was implemented, cases involving 25.2 kilograms, or more kilograms of crack cocaine yielded the same base offense level of 38. *Id* § 2D1.1.(c)(1). Thus, for a base offense level of 38 to apply under Amendment 782, the amount of crack cocaine involved must be 25.2 kilograms or more. *Id.* § 2D1.1.(1). The Sentencing Commission implemented Amendment 782 to apply retroactively, thus giving Burks a colorable claim to have his sentenced reduced. *Id* §§ 1B1.10(d), (e)(1).

The Court should deny Burks' Motion for Reduction of Sentence because Burks is ineligible for a reduction under § 3582(c)(2). Bruks admits that he is "serving a term of imprisonment where [his] sentence was based on the drug quantity in 2D1.1" Def. Motion at

7

[4] However, Burks argues that "In this court's file on August 28, 1997 denying Petitioner's 2255 and 3582, the court (sic) ruled that 'no role in the offense' is applicable to the CCE conviction. Removing such enhancement as the court (sic) did, brings Petitioner's total offense level to 44." Def. Motion at 1-2 (footnote omitted).[5] Burks then extrapolates that since Guideline amendments have reduced the highest offense level to 38, which he concedes he is at he concludes - - "[a] level 38, plus 2 points for possession of a weapon, leaves [me] at a level 40, under Amendment 782. A level 40, at criminal history category II, places [me] at 324-405 months . . . ." Def. Motion at 2, ¶ 4. At bottom, Burks wrongfully decides that he should not receive a 4 level increase in his sentence pursuant to his CCE conviction.

However, Burks does correctly concede:

> Petitioner was convicted of two counts. Count one, conspiracy to distribute over 50 grams of crack cocaine in violation of 21 U.S.C. § 846, and Count two, engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. On direct appeal Count one was vacated and **Petitioner's life sentence now solely relies on Count two (CCE) of conviction.**

Def. Motion fn 1, at 2 (emphasis added). In other words, as Burks admits, his sentence was exclusively determined under Guidelines § 2D1.5, which reads:

### § 2D1.5 Continuing Criminal Enterprise; Attempt or Conspiracy

(a) Base Offense Level (*Apply the greater*):

(1) **4** plus the offense level from §2D1.1 applicable to the underlying offense; or
(2) **38**.

**Commentary**

**Statutory Provision:** 21 U.S.C. § 848.

**Application Notes:**

1. Do not apply any adjustment from Chapter Three, Part B (Role in the Offense).

2. If as part of the enterprise the defendant sanctioned the use of violence, or if the number of persons managed by the defendant was extremely large, an upward departure may be warranted.

---

[4] Amendment 782 puts Burks at a level 38, since he was found to distribute 50 kilograms or more of crack cocaine and the threshold amount for level 38 is 25.2 kilograms or more.

[5] The Court only ruled on Burks' § 2255 petition.

(Emphasis added to "apply the greater").  The Court correctly concluded that since Count One (conspiracy count) was dismissed per the Fourth Circuit's ruling, and only Count Two remained (CCE count), role in the offense was no longer relevant pursuant to Guidelines § 3B1.1(a).  In doing so, the Court was simply applying Application Note 1 above, which directed the Court on the CCE count to taken the current drug offense level and apply the four level CCE enhancement (instead of the 4 level role enhancement), and add the two level gun enhancement, for an appropriate Adjustment Offense Level.  In short, the Sentencing Commission did not want to unfairly duplicate a 4 level enhancement for "role in the offense," since the CCE guideline already adjusted for that by requiring a 4 level enhancement if appropriate, as it was in this case.

As a result of recent Guideline amendments, including Amendment 782, as Burks concedes, his current Guideline drug offense level is 38.  Thus, with a present drug offense level of 38 + plus 4 (under CCE § 2D1.5(a)(1)), + plus 2 (under gun enhancement § 2D1.1(b)(1)), Burks' Adjusted Offense Level, post Amendment 782, is 44.  Under the current sentencing table, at a Criminal History Category II, Burks sentence remains at life imprisonment.  A sentence reduction under § 3582(c)(2) "is not authorized unless one of the amendments to the Sentencing Guidelines has the effect of lowering the defendant's applicable guideline range." *Id* § 1Bl.10(a)(2)(B); *see also Williams,* 808 F.3d 253, 257.

Accordingly, the Court should deny the Defendant's Motion for Reduction in Sentence because Defendant's base offense level remains the same after the U.S.S.G.'s reduction in guideline levels pursuant to Amendment 782.

                        Respectfully Submitted,

                        Dana J. Boente
                        United States Attorney

By:    _____/s/_____

Larry Leiser
Virginia Bar No. 20308
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (fax)
Larry.Leiser@usdoj.gov

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2017, a true copy of the foregoing pleading was electronically filed with the Clerk of the Courts through the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Caroline S. Platt, Esquire
>Counsel for the Defendant
>Assistant Federal Public Defender
>Eastern District of Virginia
>1650 King Street, Suite 500
>Alexandria, VA 22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

>By: _____/s/_____
>Lawrence J. Leiser
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>2100 Jamieson Avenue
>Alexandria, VA 22314
>Phone: 703-299-3913
>Fax: 703-299-3981
>Larry.Leiser@usdoj.gov